**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-7006**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONTAY LAFON ARMSTRONG,

Defendant - Appellant.

_____

**No. 22-7185**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONTAY LAFON ARMSTRONG,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:20-cr-00447-KDB-DCK-1)

_____

Submitted:  April 25, 2023                                         Decided:  April 28, 2023

_____

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and MOTZ, Senior Circuit Judge.

————————————

Dismissed by unpublished per curiam opinion.

————————————

Dontay Lafon Armstrong, Appellant Pro Se.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Dontay Lafon Armstrong noted a second appeal of his criminal judgment (No. 22-7006) and seeks to appeal the district court's text order denying as moot his motion for request of documents to aid in preparing a 28 U.S.C. § 2255 motion (No. 22-7185). Armstrong pled guilty to one count of conspiracy to distribute at least 280 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; two counts of possession with intent to distribute at least 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[*] The district court sentenced Armstrong to a total of 240 months' imprisonment. Armstrong previously appealed his sentence, and this court dismissed the appeal. *United States v. Armstrong*, No. 21-4415 (4th Cir. Mar. 29, 2022) (unpublished order). Armstrong now notes a second appeal of the criminal judgment. Because this court dismissed Armstrong's prior appeal, we dismiss the second appeal as duplicative.

As to the district court's text order denying as moot Armstrong's motion for request of documents, this court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b);

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Armstrong's offense was committed before the June 25, 2022, amendment to the statute.

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).  The order Armstrong

seeks to appeal is neither a final order nor an appealable interlocutory or collateral order,

and Armstrong's § 2255 motion remains pending in the district court.

Accordingly, we dismiss appeal No. 22-7185 for lack of jurisdiction and dismiss

appeal No. 22-7006 as duplicative.  We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before this court and argument

would not aid the decisional process.

*DISMISSED*